## J. W. FOSTER v. STATE.

No. A-4757.    Opinion Filed June 6, 1925.

(236 Pac. 628.)

(Syllabus.)

1.    **Appeal and Error—If Conflicting Evidence Reasonably Supports Verdict, Judgment not Disturbed.** Where there is evidence reasonably tending to support the verdict, this court will not disturb the judgment of the trial court, though the evidence be conflicting.

2.    **Continuance—Denial of Continuance not Error, in Absence of Showing of Due Diligence.** The application for continuance did not show due diligence to obtain the attendance sought.

3.    **Instructions Held Sufficient.** The instructions examined, and held sufficient.

Appeal from County Court, Comanche County; John Manning, Judge.

J. W. Foster was convicted of the illegal sale of intoxicating liquor, and he appeals. Affirmed.

C. R. Reeves, for plaintiff in error.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for the State.

BESSEY, P. J. This is an appeal from the county court of Comanche county, wherein this plaintiff in error

was convicted of selling intoxicating liquor, and his punishment assessed at a fine of $200 and 30 days in jail.

The record discloses that at about 6 o'clock in the evening on January 31, 1923, Private Peter Pitchlynn left Ft. Sill, got on a street car, and went into Lawton. There he met another soldier, John Simpson, and they decided to buy some whisky. At about 6:30 they went to see plaintiff in error and bought from him a pint of whisky for $2.50, which they then drank. This whisky made them drunk, and they were later arrested and put in jail. While they were in jail, one of the officers, S. A. Logan, told them that if they would tell from whom they had bought the whisky they would be released. Pitchlynn testified that they had bought the whisky from Foster. In this he was corroborated in part by the testimony of one of the officers and by the other soldier. On the witness stand the plaintiff in error, corroborated by some of his relatives, denied the whole transaction.

Where the evidence is conflicting, and there is evidence reasonably tending to support the verdict, this court will not disturb the verdict on the ground of insufficiency of the evidence.

The application for continuance made in the trial court did not show that due diligence had been exercised to obtain the attendance sought, and the denial of the application was not error.

The amendment of the information, by inserting the word "and" and striking the words "otherwise furnish" was not prejudicial, under the provisions of section 2512, Comp. Stat. 1921.

The instructions of the court have been examined and found sufficient.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.